[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at New York, New York on May 15, 1943. The plaintiff has resided continuously in this state in excess of one year. There were three sons, issue of the marriage, none of whom is a minor.
The evidence presented indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes 46b-81, 46b-82 and 46b-62
in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. Real Property
The parties own two parcels of real estate, which include the residence at 58 Forbell Drive, Norwalk, Connecticut, and a vacant lot at 223 New Canaan Avenue, Norwalk, Connecticut. Both properties shall be sold immediately and the net proceeds shall be equally divided between the parties.
a. The defendant shall vacate the residence by October 4, 1993;
b. the residence shall be cleaned and repaired with the cost divided equally between the parties. The plaintiff shall make the final decisions on the extent and costs for the necessary work to make the property acceptable for sale;
c. the properties shall be listed for sale by a member of the Norwalk Board of Realtors within (30) thirty days. The house shall be listed at $180,000.00, and the undeveloped lot at $75,000.00. The parties shall accept any offer within five per cent (5%), of the listing price. If either property does not sell within one hundred twenty (120) days, the listing price shall be reduced by five percent (5%), unless the listing broker advises against a CT Page 8062 reduction;
d. the court retains jurisdiction over the sale of the real estate until both parcels are sold.
2. Personal Property
a. The liquid assets of the parties consist of a Connecticut National Bank Partnership Account, a Fidelity Fund, a People's Bank Individual Retirement Account, and a Norwalk Savings Society Individual Retirement Account. These assets shall be divided evenly, including any accumulated interest and dividends. This division shall take place immediately.
Any pre-existing liquid assets not heretofore disclosed, shall be divided equally at such time as their existence becomes known;
b. the defendant shall turn over to the plaintiff the marble coffee table and antique chair located in the marital residence;
c. the defendant shall transfer to the plaintiff the title to the 1985 Oldsmobile automobile.
3. Social Security
Both parties receive social security payments. The plaintiff receives $417 per month and the defendant receives $1008 per month. These amounts should be equalized so that each party receives $712.50 per month. The differential shall be mailed by the defendant to the plaintiff and received by the plaintiff no later than the 8th day of each month. This equalization of social security shall be an assignment of property.
4. Arrearage of Pendente Lite Orders
The court finds an arrearage of $289.00 due on the pendente lite alimony order. The defendant shall promptly pay this amount to the plaintiff.
5. Counsel Fees
Each party shall be responsible for his and her own counsel fees.
6. The defendant shall return to the plaintiff any keys he has to the plaintiff's current residence or garage. The defendant CT Page 8063 shall refrain from any contact with the plaintiff. Any communication shall be through the United States Postal Service.
Judgment may enter accordingly.
NOVACK, J.
9/3/93 Decision entered in accordance with the foregoing (Novack, J.)
Ass't Clerk
All Counsel Notified 9/3/93.